UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRANDON MERRILL**                                                                 **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 5:23-CV-P44-JHM**

**SCOTT JORDAN**                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Brandon Merrill, a convicted prisoner at the Kentucky State Penitentiary (KSP), has filed this civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), and upon a motion for a preliminary injunction/temporary restraining order (TRO) (DN 9). For the reasons set forth below, the Court will dismiss some claims, allow Plaintiff to amend his complaint, and deny Plaintiff's motion (DN 9).

### I. STATEMENT OF CLAIMS

Plaintiff names as Defendants in their individual and official capacities KSP Warden Scott Jordan and Deputy Warden Jacob Bruce. Plaintiff claims that on January 25, 2023, he filed a grievance about being unable to access religious materials or order religious books while housed in the Restricted Housing Unit (RHU). According to Plaintiff, Defendant Bruce denied him "the opportunity to order books that pertain to his religion." He states that he "suffers mental and physical hardships" from this denial of his religious freedom under the First Amendment and the Religious Land Use and Institutional Persons Act (RLUIPA).

The complaint also alleges that on March 3, 2023, Plaintiff filed a grievance "about there being a malfunction with the ventilation system in the 3 cell house"; and that on March 31,

Defendant Jordan responded to Plaintiff's request for an improved ventilation system by denying that he was responsible for the malfunctioning system, stating that "lower level officials were to blame." Plaintiff alleges this denial violates his Eighth Amendment right causing him "mental and physical hardships."

The complaint requests compensatory and punitive damages and injunctive relief to "improve ventilation system in 3 cell house."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

2

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

"[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. States, state agencies, and state employees sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Individual-capacity claims

#### *1. Freedom of Religion*

Plaintiff alleges that the denial of his requested religious materials or the ability to order religious books while he was housed in RHU violated the First Amendment and RLUIPA.

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice

he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) that the defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

The Court will allow Plaintiff to amend his complaint to explain whether the materials/books he was denied were necessary to his sincerely held religious belief. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (Under Federal Rule of Civil Procedure 15(a), "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

Plaintiff's RLUIPA claim must be dismissed. RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Miles v. Mich. Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *2 (6th Cir. Aug. 20, 2020) ("[S]overeign immunity bars monetary damages as a remedy against states and state actors in their official capacities under RLUIPA.") (citing *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 331 (5th Cir. 2009); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009)).

Sovereign immunity does not bar a suit seeking declaratory or injunctive relief against Defendants in their official capacities. *See Ex Parte Young*, 209 U.S. 123, 159-160 (1908). The *Ex Parte Young* exception, however, is limited. It applies only to prospective relief. *Green v. Mansour*, 474 U.S. 64, 68-73 (1985). Plaintiff asks for no prospective relief related to the denial of religious material; however, the Court will allow him to amend his RLUIPA claim to seek prospective injunctive relief. *See LaFountain*, 716 F.3d at 951.

*2. Eighth Amendment*

Plaintiff alleges that he filed a grievance "about there being a malfunction with the ventilation system in the 3 cell house;" but Defendant Jordan merely responded to Plaintiff's request for an improved ventilation system by denying that he was responsible for the malfunctioning system and blaming "lower level officials." Plaintiff alleges that this denial violates his Eighth Amendment right and that he "suffers mental and physical hardships from this."

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here the only action Plaintiff points to taken by Defendant Jordan is denying his grievance.

First, Plaintiff has no cause of action against Defendant Jordan for denying his grievance. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (holding that "there is no inherent constitutional right to an effective grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No 16-1771, 2017 WL 3140577, at *2 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional rights to an effective grievance procedure").

Plaintiff clearly disagrees with Defendant Jordan and believes that Defendant Jordan is in charge of having the allegedly malfunctioning ventilation system repaired. It appears that this belief is premised merely on the fact that Defendant Jordan is the Warden. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Finally, to satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation marks omitted); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) ("To succeed in an Eighth Amendment

challenge, [a prisoner] must establish that . . . a single, identifiable necessity of civilized human existence is being denied[.]"). The Constitution "does not mandate comfortable prisons." *Wilson*, 501 U.S. at 298 (internal quotation marks and citation omitted).

In the instant case, Plaintiff has failed to state a claim because his allegations do not satisfy the objective requirement. Plaintiff offers no information on the allegedly malfunctioning ventilation system, and his complaint only alleges that he suffers unspecified "mental and physical hardships." Even considering his allegation in his motion for preliminary injunction/TRO that the malfunctioning ventilation system causes him "a sore throat and deteriorations in his breathing and his sight" is not sufficient to state a claim upon which relief may be granted. "Claims regarding ventilation do not typically rise to the level of an Eighth Amendment violation. Only in extreme circumstances, have courts found that inadequate ventilation may result in a sufficiently serious risk to prisoner safety under the Eighth Amendment." *McGowan v. Morse*, No. 1:17-CV-184, 2017 WL 1017823, at *11 (W.D. Mich. Mar. 16, 2017) (footnote omitted). Plaintiff has not alleged such extreme circumstances and, therefore, fails to state an Eighth Amendment claim. *See, e.g.*, *Vasquez v. Frank*, 290 F. App'x 927 (7th Cir. 2008) (holding that ventilation that allegedly caused dizziness, migraines, nasal congestion, nose bleeds, and difficulty breathing did not rise to the level of an Eighth Amendment violation); *Bourrage v. McFarland*, No. 99-60923, 2001 WL 185034 (5th Cir. Feb. 6, 2001) (upholding dismissal of a prisoner's claim that inadequate ventilation had led to his prescription for an albuterol inhaler); *Davis v. Crowley*, No. 00-1475, 2000 WL 1871891 (6th Cir. Dec. 12, 2000) (concluding that a plaintiff's allegations that a ventilation system smelled strongly of gas did not allege a sufficiently serious harm where, despite his allegations that the fumes caused him to experience shortness of breath and watery eyes, the plaintiff failed to allege

a substantial risk of serious harm); *Balcar v. Kissiner*, No. 3:15-CV-P118-DJH, 2015 WL 4068418, at *4 (W.D. Ky. July 2, 2015) ("Plaintiff's one-sentence statement that he was put in a max cell for three weeks with no ventilation and extremely high temperatures is not sufficient to allege a serious deprivation resulting in the denial of the minimal civilized measures of life's necessities."); *King v. Berghuis*, No. 1:10-cv-57, 2010 WL 565373, at *3 (W.D. Mich. Feb. 13, 2010) (dismissing prisoners' claim alleging that ventilation system moves less than 10 cubic feet of air and caused headaches).

The Court will dismiss Plaintiff's claim related to the allegedly malfunctioning ventilation system for failure to state a claim upon which relief may be granted.

### III. Motion for preliminary injunction and TRO

Plaintiff's motion states that his physical and mental condition has deteriorated as a result of a malfunction in the ventilation system in cell house 3's segregation unit. He alleges that he suffers from "a sore throat and deteriorations in his breathing and his sight;" that the malfunctioning ventilation system is an Eighth Amendment violation; and that, if the ventilation system is not repaired, his potential suffering will be "enormous." He additionally asserts that he should not be required to post security under Federal Rule of Civil Procedure 65 because he is an indigent prisoner.[1]

Both a preliminary injunction and a TRO are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "In deciding whether to grant a preliminary injunction, a court weighs four factors: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant

---

[1] Plaintiff attaches a declaration under penalty of perjury in which he notes that, as he stated in his complaint, Defendant Jordan responded on March 31, 2023, to Plaintiff's request "for an improved ventilation system" by denying responsibility and placing the blame on "lower level officials."

would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.'" *Tippins v. Washington*, No. 20-1480, 2021 WL 3700574, at *3 (6th Cir. Apr. 20, 2021) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012)). "As long as there is some likelihood of success on the merits, these factors are to be balanced, rather than tallied." *Hall v. Edgewood Partners Ins. Ctr.*, 878 F.3d 524, 527 (6th Cir. 2017). The movant carries the burden of persuasion, and the proof required to obtain a preliminary injunction exceeds that required to survive a summary-judgment motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). "The Court applies the same standard to a motion for a temporary restraining order . . . as to a motion for a preliminary injunction." *W. Mich. Family Homes LLC v. United States Dep't of Agric.*, No. 1:13-CV-1277, 2013 WL 12109437, at *1 (W.D. Mich. Nov. 26, 2013) (citing *Summit Cnty. Democratic Cent. & Exec. Comm'n v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004)).

This already stringent burden is even more difficult to meet where, as in this case, a plaintiff seeks an injunction not merely to maintain the status quo pending resolution of the case but to obtain affirmative relief, such as requiring the prison to fix the ventilation system which Plaintiff alleges is broken. As the Supreme Court has explained, the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Motions seeking to obtain affirmative preliminary injunctive relief must be more closely scrutinized than the already-disfavored motion for preliminary junction which seeks to maintain the status quo. *See, e.g., Russell v. Tribley*, No. 2:10-CV-14824, 2011 WL 4387589, at *10 (E.D. Mich. Aug. 10, 2011), *report and recommendation adopted*, 2011 WL 4396784 (E.D. Mich. Sept. 21, 2011) (citing

*Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005); *Johnson v. Kay*, 860 F.2d 529, 540 (2d Cir. 1988)); *Doe v. Tennessee*, No. 3:18-CV-0471, 2018 WL 5313087, at *4 (M.D. Tenn. Oct. 26, 2018), *report and recommendation adopted*, 2018 WL 6181349 (M.D. Tenn. Nov. 27, 2018).

Plaintiff has not shown that the issuance of a TRO or preliminary injunction is warranted. Even considering Plaintiff's additional allegation set forth in the motion, the Court dismissed Plaintiff's claim related to ventilation for failure to state a claim upon which relief may be granted upon initial review pursuant to 28 U.S.C. § 1915A. Thus, Plaintiff has failed to establish a substantial likelihood of success on the merits.

Additionally, the Court finds that Plaintiff has not met the irreparable-injury prong of the test because it is well established that injunctive relief should not issue where, like here, the claimed irreparable damage is speculative or may never occur. *See Sharp v. Cureton*, 319 F.3d 259, 274 (6th Cir. 2003); *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).

The third and fourth elements also weigh against granting preliminary relief. The Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *7 (Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context."). Further, Plaintiff offers no evidence other than his own statements that the Court should interfere with KSP operations in such an extraordinary manner. *See Leary*, 228 F.3d at 739 (stating that proof for temporary relief "is much more stringent than the proof required to survive a summary judgment motion"). Thus, the Court will deny Plaintiff's motion for a preliminary injunction/TRO.

## IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915A(b)(1)(2); and that Plaintiff's Eighth Amendment claim is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Memorandum Opinion and Order Plaintiff may file an amended complaint to provide information as to whether the denial of religious material infringed his sincerely held religious belief and whether he seeks prospective injunctive relief related to the denial of religious materials.

The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner § 1983 complaint form with this case number and "AMENDED" affixed thereto for Plaintiff's use should he wish to file an amended complaint.

Plaintiff is **WARNED** that should he fail to file an amended complaint within 30 days, his freedom of religion claim will be dismissed for the reasons set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion (DN 9) is **DENIED**.

Date: May 18, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4414.009